INHABITANTS OF BETHEL, petitioners for *certiorari*, *vs.* COUNTY COMMISSIONERS OF OXFORD COUNTY.

*Certiorari—when not issued. Regular session of county commissioners.*

The selectmen of a town, after due proceedings, laid out a town way, and awarded to one of the land-owners an under-pass for his cattle, in addition to a specific sum as damages, and the town refused to accept the road. Thereupon the county commissioners, upon petition seasonably presented, laid out the road, omitting the under-pass. *Held,* That a writ of *certiorari* will not be granted to a petition of the town to quash the proceedings of the commissioners.

Inhabitants of Bethel *v.* County Commissioners of Oxford County,

A petition presented at a session of the county commissioners held by adjournment from a regular session, is a presentation 'at a regular session' within the meaning of R. S., c. 18, §§ 23 and 24, although the cause of action set forth in the petition did not occur until after the time fixed by the statute for the commencement of the regular session.

A petition to the county commissioners setting forth all the essential jurisdictional facts, but addressed to a court of county commissioners 'next to be holden on the —— day of November, 1866, by adjournment from,' etc., was entered at a session held on a certain day in the succeeding March, by adjournment from the regular session of the previous September, and was acted upon. *Held,* That jurisdiction attached.

Where it appears by the record that the selectmen filed on Sept. 1st, a return of their proceedings in laying out the way, and on the same day issued their warrant for a town meeting, containing an article to see if the town will accept the 'road as laid out' by them,—a writ of *certiorari* will not be issued to quash the proceedings of the commissioners in a subsequent laying out by them, on the ground that it does not appear that the warrant for town meeting was issued after the filing of the return of the selectmen.

PETITION FOR CERTIORARI.

*D. Hammons,* for the petitioners, contended,

That the selectmen had no authority to award 'an under-pass,' and hence the town could not lawfully accept the road.

That R. S. of 1857, c. 78, § 9, establishes two regular sessions of the county commissioners in this county—first Tuesdays of May and September. First Tuesday of September, 1866, was Sept. 4th; that town meeting when the town refused to accept the road was Sept. 10th; that the petition to the commissioners was first acted on at a court held March 19, 1867, six months after Sept. 4, 1866; that the action of town was six days after the session to which the town appealed. That the appeal should have been entered at the regular May session.

Counsel cited *Inhabitants of Pownal,* petitioners, 8 Maine, 271; *City of Bangor* v. *Co. Commrs. of Penobscot Co.* 30 Maine, 270; *Parsonsfield* v. *Lord,* 23 Maine, 511.

That there was no session in November.

There is no evidence that the town meeting was called after the return of the selectmen was filed,—both done same day.

*E. Foster, jr.,* for the respondents.

VIRGIN, J. On Sept. 1, 1866, E. M. Carter, S. R. Hutchins, and D. F. Brown, as selectmen of Bethel, filed with the town clerk a written return of their proceedings in locating a certain town-way, on the petition of John S. Swan and others, containing the bounds and admeasurements of the way, and the damages allowed to each person for land taken. The only irregularity suggested in their proceedings is that the selectmen awarded to Joseph Holt, one of the land-owners, ' an under-pass for his cattle,' in addition to a certain sum of money as damages.

At a legal meeting of the town called by a warrant issued by the same selectmen, on the same day on which they filed their written return of the location, to be held on the 10th day of the same September, ' To see if the town will accept of a road as laid out by the selectmen, on the petition of John S. Swan and others,' the town voted not to accept the road.

On Oct. 22, 1866, Swan and others made a petition ' To the court of county commisssioners next to be holden at Paris, within and for the county of Oxford, on the —————— day of November, 1866, by adjournment of the regular term of said court, held on the first Tuesday of September, 1866,' therein stating all the facts necessary to carry the matter before the county commissioners, in accordance with R. S. of 1857, c. 18, §§ 22 and 23, alleging that the petitioners were aggrieved by the unreasonable refusal of the town to accept the road located by the selectmen, and requesting the commissioners, after due preliminary proceedings, to view and locate the non-accepted road.

At a session of the commissioners held on March 19, 1867, by adjournment from their stated September session, 1866, they ordered notice on said petition ; and, in pursuance of said notice, met at Swan's dwelling-house, on June 11, 1867, and thereupon proceeded to view the route, hear the parties, locate the way substantially as located by the selectmen, award the same sum as damages to the same persons respectively, as did the selectmen, omitting the ' under-pass,' and to direct their proceedings to be recorded by their own and by the town clerk.

And now the inhabitants of Bethel, by their selectmen, come and ask for a writ of *certiorari*, to bring up the record of the county commissioners that the same may be quashed upon the following alleged grounds:

1. Because Swan and others did not present their petition at the May session, 1867, which, it is contended, was the first 'regular session' of the commissioners after the refusal to accept by the town.

R. S. of 1857, c. 18, §§ 22 and 23, require such a petition to be presented 'within one year' after such refusal, 'at a regular session.' And this court, as long ago as 1844, decided that a session of the commissioners' court includes all its adjournments, which are but parts of its session. *Parsonsfield* v. *Lord*, 23 Maine, 511. And subsequently the court declared that a petition presented at any period of the session is presented 'at a regular session.' *Harkness* v. *Co. Commrs. of Waldo Co.*, 26 Maine, 353. And finally, in *Waterville* v. *Co. Commrs. of Ken. Co.*, 59 Maine, 80, it was held, substantially, that a petition presented at a session held by adjournment from a regular session, was a presentation 'at a regular session,' within the meaning of the statute on ways, although the cause of action set forth in the petition did not arise until after the time fixed by the statute for the commencement of the 'regular session.' Viewed in the light of these cases, it is evident that the petition of Swan and others, was presented 'within a year' after the refusal of the town to accept the road, and 'at a regular session' of the commissioners in compliance with the statute.

2. It is further urged that the petition being addressed to a court next to be holden 'on the —— day of November, by adjournment,' etc., could not be received and acted on at the succeeding March session, held by adjournment from the stated September session, 1866. The case shows, however, that the petition was otherwise sufficient, and was acted upon within the year, 'at a regular session.' And being sufficient, and it having been acted upon within the time limited, jurisdiction attached. *Gay* v. *Bradstreet*, 49 Maine, 585. Again, petitions for writs of *certiorari* being addressed to the

discretion of the court, it has been the uniform practice to refuse to grant them when sufficient appears to show that the commissioners had jurisdiction of the subject-matter upon which they had acted, and that substantial justice had been done, though their records may not show that their proceedings had been in all respects, technically correct. *West Bath pet'rs*, 36 Maine, 76. And neither will the writ be granted on account of errors in mere matters of form, if the commissioners had jurisdiction. *North Berwick* v. *Co. Commrs. of York Co.* 25 Maine, 69; nor for the correction of mere harmless errors. *Furbush* v. *Cunningham*, 56 Maine, 184.

3. Again it is contended that it does not affirmatively appear that the selectmen issued the warrant for the town meeting after they filed the return of their proceedings with the town clerk. But it does appear that the same selectmen who made return of their proceedings on Sept. 1, did on the same day issue their warrant for the meeting therein mentioning the ' road as laid out' by them; and the decisions in almost every State in the Union demonstrate that the maxim ' *Omnia præsumuntur rite esse acta*,' is of almost daily application to every diversity of official action. *Shorey* v. *Hussey*, 32 Maine, 579; as that acts when done will be presumed to have been done in the order required by statute. *Booth* v. *Booth*, 7 Conn. 367-8. *Payne* v. *Barnes*, 5 Barb. (Sup. Ct.), 465.

4. But it is again said that the writ should issue because the selectmen did what they had no authority to do, to wit, awarded to Joseph Holt ' an under-pass.' The answer is, that the inhabitants of Bethel, in their petition to us, pray that the proceedings of the commissioners, and not those of their own selectmen, may be quashed. To be sure the selectmen awarded the ' under-pass,' but the commissioners declined to do it.

And if a town can prevent the commissioners from establishing a road over which they have jurisdiction, upon the ground that their selectmen exceeded their authority in the premises, few town roads would be built which a majority of the town, including a majority of its municipal officers, did not desire, how heavily soever the necessity of their construction might bear upon the other citizens of the town.

Moreover there is no necessity of issuing the writ to quash the proceedings of the selectmen; for they were quashed by the town when it voted not to accept the road. And when the subject-matter came within the jurisdiction of the commissioners on a petition to them, their authority was not limited by R. S. of 1857, c. 18, § 23, as under R. S. of 1841, c. 25, § 34, to the simple power of 'affirming and approving the way as laid out by the selectmen,' but they were authorized to do what they did do, viz., 'proceed to act thereon as is provided respecting highways,' that is, lay out the way as if it were a county way, and 'state in their return the names of the persons to whom damages are allowed, and the amount allowed to each,' etc. R. S. of 1857, c. 18, §§ 4 and 23. *Orrington* v. *Co. Commrs. of Pen. Co.*, 51 Maine, 570.

*Writ denied.*

APPLETON, C. J.; WALTON, DICKERSON, and DANFORTH, JJ., concurred.